**Robert Lee KENT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57144.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 1, 1978.

Rehearing En Banc Denied March 29, 1978.

Philip S. Greene, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Gary DiBella, Asst. Dist. Attys., Houston, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from an order revoking probation.

On October 3, 1975, appellant waived a jury trial and pled nolo contendere to the offense of knowingly and intentionally possessing cocaine, a controlled substance. Punishment was assessed at imprisonment for 5 years, but the imposition of sentence was suspended and appellant was placed on probation. A condition of his probation was that appellant commit no offense against the laws of this State. A motion to revoke probation was filed which alleged that on July 27, 1976, appellant had committed the offense of possession of cocaine, a controlled substance. After hearing evidence, the court found that appellant had violated the condition of his probation as alleged, revoked probation, and pronounced sentence on February 10, 1977.

The appellant's only contention is that the amount of cocaine seized was insufficient to sustain a finding of criminal possession, therefore, the court abused its discretion in revoking probation. The weight of the cocaine was determined by a chemist to be 3.2 milligrams.

Appellant relies principally on *Coleman v. State*, 545 S.W.2d 831 (Tex.Cr.App.1977); *Pelham v. State*, 164 Tex.Cr.R. 226, 298 S.W.2d 171 (1957); *Greer v. State*, 163 Tex. Cr.R. 377, 292 S.W.2d 122 (1956).

In *Coleman* it was said at page 835:

"The judgment should be reversed for yet another reason. The chemist testified that it is possible to weigh $\frac{1}{280,000}$ of an ounce of cocaine. The trace amount that he recovered from the small vial was unweighable because of difficulty in removing it from the vial. However, he felt that the actual amount in the vial was no more than $\frac{5}{28,000}$ of an ounce and maybe as little as $\frac{1}{28,000}$ of an ounce. 'It would be a harsh rule, indeed, that would charge appellant with knowingly possessing that which required a microscope to identify.' *Pelham v. State*, 164 Tex.Cr.R. 226, 298 S.W.2d 171, 173 (1957).

"We decline now to adopt such a rule."

In *Tomlin v. State*, 170 Tex.Cr.R. 108, 338 S.W.2d 735 (Tex.Cr.App.1960), where the total amount of heroin possessed was 1700 micrograms, this Court affirmed a conviction for possession of heroin and said:

"Crawford, chemist and toxicologist for the City of Houston, who received the sealed envelope containing these articles, testified that there was a residue which was visible in the spoon, eye-dropper and needle 'and little particles of powder on the cellophane paper submitted which were extracted and analyzed'; that his analysis revealed that the spoon contained 157 micrograms of heroin; the eye-dropper and needle together contained 810 micrograms of heroin, and the fine particles of powder on the paper contained 802 micrograms of heroin, a total of 1700 micrograms equivalent to one capsule of 3% heroin.

"The heroin, the chemist testified, was utilized or destroyed in the analysis.

"We overrule the contention that the amount of heroin was insufficient under *Pelham v. State*, 164 Tex.Cr.R. 226, 298 S.W.2d 171, and *Greer v. State*, 163 Tex. Cr.R. 377, 292 S.W.2d 122."

1700 micrograms converts to .00005996 of an ounce; $\frac{1}{28,000}$ converts to .00003571 of an ounce; 3.2 milligrams converts to .00011286 of an ounce. We hold that 3.2 milligrams

of cocaine, approximately twice the weight of the heroin in *Tomlin v. State*, supra, is a sufficient amount of cocaine to sustain a finding that the appellant committed the offense of possessing cocaine.

The court did not abuse its discretion in revoking probation. The judgment is affirmed.