**Ricky Lynn HUFF, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0203–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1981.

Discretionary Review Denied
April 7, 1982.

Douglas M. O'Brien, Houston, for appellant.

Alvin M. Titus, Houston, for appellee.

Before SMITH, BASS and DYESS, JJ.

BASS, Justice.

This is an appeal from a conviction for possession of cocaine. A jury found the appellant guilty of the possession of cocaine and assessed his punishment at two years.

On the evening of August 13, 1980, an officer of the Houston Police Department set up a surveillance of an apartment in which the appellant was living. The officers aiding in the surveillance observed the appellant enter the apartment with a canvas bag. After about five minutes, the officers saw the appellant leave the apartment without the bag. All three officers approached the appellant and asked him for identification. The officers retrieved the appellant's wallet and found a plastic baggie containing cocaine. At this time he was searched and arrested. The appellant was indicted for the possession of the cocaine.

The appellant's sole ground of error is that the State failed to meet its burden of proof that the appellant intentionally and knowingly possessed cocaine, and that the trial court erred by failing to enter an instructed verdict of not guilty.

The baggie which the officers had removed from the appellant's wallet was admitted into evidence at his trial. The officers testified, however, that the weight of the cocaine in the baggie was less than half a gram, possibly a tenth of a gram, but was more than a trace. The chemist from the Houston Police Department performed the analysis of the substance in the baggie. He testified that the substance was 23.8 milligrams of pure cocaine, which had adhered to the sides and was in the crevices of the baggie. The chemist had washed the cocaine out of the baggie with an acid solution in order to test and weigh it. The cocaine was used up completely in the tests. The chemist testified that the amount of cocaine found in the baggie would affect a person's central nervous system. We are of the opinion that if the amount of substance is sufficient to be washed out for measurement, it is sufficient to sustain a conviction for possession.

The appellant moved for an instructed verdict on the grounds that the State had not proven that the appellant had intentionally and knowingly possessed cocaine. According to the appellant, there was not enough cocaine to prove the offense. The motion was denied.

The pertinent statute in this case is Tex. Rev.Civ.Stat.Ann. art. 4476–15 §§ 4.02, 4.09 (Vernon Supp.1980–1981) which provides that it is a felony of the second degree to "knowingly or intentionally acquire, obtain, or attempt to acquire or obtain possession" of cocaine. Knowledge of possession is an element of the crime:

> In a trial for the illegal possession of a narcotic drug, the basic element which the state must prove is that the accused intended to violate the law by knowingly possessing such drug.

Reyes v. State, 480 S.W.2d 373 (Tex.Cr.App. 1972).

The Court of Criminal Appeals has held that a mere "*trace*" is not enough to prove knowledge of intent to possess. (Emphasis added) *Shults v. State*, 575 S.W.2d 29 (Tex.Cr.App.1979). Possession of a small piece of wet cotton containing a trace of heroin, such as might have been wiped from a needle has been held insufficient to sustain a conviction. *Greer v. State*, 163 Tex.Cr.R. 377, 292 S.W.2d 122 (1956).

The appellant relies primarily upon the case of *Coleman v. State*, 545 S.W.2d 831 (Tex.Cr.App.1977). Coleman was tried for possession of a small vial which contained cocaine. The police chemist testified that the trace amount of cocaine in the vial was unweighable because of the difficulty in removing it. The chemist felt that there was no more than 5/28,000 of an ounce and maybe as little as 1/28,000 of an ounce in the vial.

We are of the opinion that *Coleman* is not controlling in this fact situation. We hold that this case is controlled by *Kent v. State*, 562 S.W.2d 855, 857 (Tex.Cr.App.1978), wherein the Court of Criminal Appeals held that possession of 3.2 milligrams of cocaine was sufficient evidence to sustain a finding of criminal possession which would result in the revocation of Kent's probation.

In the present case, the police chemist testified that the baggie contained 23.8 milligrams of pure cocaine, or between 7 and 8 times the amount found sufficient in *Kent, supra*.

The judgment of the court is affirmed.