**Felipe Aviles ALEJANDRO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0814–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 19, 1987.

Bob Tarrant, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., David E. Brothers, Carol Davies, Casey O'Brien, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and DUGGAN and LEVY, JJ.

## OPINION

DUGGAN, Justice.

Appellant was found guilty in a non-jury trial of possession of less than 28 grams of cocaine. The trial court found the enhancement allegation in the indictment to be

true, and assessed punishment at five years confinement.

Appellant was indicted in Cause No. 389,-267 for possession of heroin with intent to deliver. On March 1, 1984, the trial court heard and granted appellant's motion to suppress evidence, stating no reason for its action. The court then granted the State's motion to dismiss the indictment.

On July 7, 1984, the State submitted evidence of the same offense to another grand jury, which in Cause No. 406,400 again indicted appellant for possession of heroin. After appellant made bond in the new case, the bond was revoked and a capias was issued. When the capias was served some four months later, on November 8, 1984, police officers searched appellant incident to his arrest under the capias, and found three used syringes containing three-tenths milligram of cocaine.

The contraband seized in the November 8th arrest is the subject of appellant's third indictment, in Cause No. 413,965, for possession of cocaine. His conviction for this most recent offense is the subject of this appeal.

■ In his first four points of error, appellant contends that: (1) evidence cannot become "unsuppressed" once a motion to suppress has been granted; (2) a district court cannot allow evidence suppressed in another district court to be admitted in a refiled case alleging the same conduct; (3) a refiling of the case is barred because the evidence necessary to sustain a conviction has been suppressed; and (4) appellant should be allowed to go behind the face of the indictment and show that it was returned on previously suppressed evidence.

The record does not reflect that a motion to suppress was filed in the present case; however, identical motions to suppress were filed in the two prior possession of heroin charges. No record of these suppression hearings is before us. Because appellant's first four points of error concern the motions to suppress and the suppressed evidence under the second indictment, we do not address these points. We review only those points relating to matters in the record before us. *Garza v.*

*State,* 622 S.W.2d 85 (Tex.Crim.App.1980); *Evans v. State,* 622 S.W.2d 866, 868 (Tex. Crim.App.1981).

Points of error one, two, three, and four are overruled.

Appellant's fifth point of error asserts that the evidence upon which this prosecution is based is the direct fruit of an arrest, search, and seizure made without probable cause. This point of error is sufficient to direct us to appellant's contention that reversible error occurs when suppressed evidence forms the basis for a subsequent indictment, and that any prosecution based on fruits arising from an arrest carried out pursuant to that indictment is prohibited.

The foundation of appellant's complaint is the second indictment, which was based on the previously suppressed evidence. Appellant filed a motion to dismiss the third indictment based on the following grounds: (1) the suppression of the evidence and the subsequent dismissal under the first indictment amount to a valid and final judgment; and (2) a reindictment based on the suppressed evidence amounts to "no evidence" on which to base probable cause for arrest. On September 16, 1985, the trial judge denied the motion. It is appellant's contention that the trial court committed reversible error in failing to grant his motion for dismissal of the present indictment.

The record reflects that an evidentiary hearing was held on the motion to dismiss the present indictment in September, 1985. At the hearing, the prosecutor under the first two indictments testified and informed the trial court that he had spoken with the visiting judge, who had granted the motion to suppress under the first indictment, to ascertain the judge's reasons for granting the motion. The prosecutor stated that the judge's reasoning for granting the motion was the fact that the indictment lacked the word "the" before "State of Texas."

No statement of facts was brought forward from the hearing on the motion to suppress the first indictment, and the order of dismissal does not recite any reason for the granting of the motion to suppress.

However, the prosecutor maintained that a technical defect, such as the omission of the word "the" in the indictment, was not fundamental; and because there was no showing of harm, appellant could be reindicted. *Vega v. State*, 662 S.W.2d 667 (Tex.App.—Houston [1st Dist.] 1983), *affirmed*, 707 S.W.2d 557 (Tex.Crim.App. 1986); *Vega v. State*, 680 S.W.2d 515 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd).

Appellant urges that because the evidence on the first indictment was suppressed, the suppressed evidence could not be used as a basis for a second indictment. Appellant contends that the suppressed evidence cannot be used for any purpose at any time, and that any subsequent arrest related to that evidence is tainted. Therefore, he argues, the cocaine discovered upon his arrest is inadmissible as the "fruit" of the tainted indictment.

■ First, we must determine whether previously suppressed evidence can be a basis for a reindictment. The appellant and the State agree in their briefs that this question has not been addressed by any court in Texas. It is well settled that an indictment cannot be challenged on the ground that the grand jury acted on the basis of inadequate or incompetent evidence, *United States v. Calandra*, 414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974), and that the exclusionary rule has not been extended to grand jury proceedings. *Id.* at 351–353, 94 S.Ct. at 621–622.

Appellant contends that *Calandra* can be distinguished from the facts of the present case, pointing out that an indictment can be dismissed because of prosecutorial misconduct. Appellant cites *United States v. Busk*, 730 F.2d 129 (3rd Cir.1984), to support this proposition. There, the Third Circuit stated:

> If, following the grant of a suppression motion, a federal prosecutor were to present the same evidence to a grand jury, the application of the *Serubo* supervisory power rule might well be appropriate. *Id.* at 130.

In *United States v. Serubo*, 604 F.2d 807, 817 (3rd Cir.1979), the Third Circuit held that dismissal of an indictment in the exercise of supervisory power may be an appropriate remedy to correct flagrant or persistent prosecutorial abuse, even despite the absence of prejudice to the defendant.

■ Texas, likewise, has proscriptions against prosecutional misconduct. If a prosecutor intentionally misleads or presents a false picture to the petit jury, the judgment may be reversed. *Means v. State*, 429 S.W.2d 490 (Tex.Crim.App.1968). We assume, without deciding, that such prosecutorial misconduct might constitute a basis for dismissal of an indictment.

■ In the present case, however, we find no evidence of prosecutorial misconduct that would justify a dismissal of the indictment. The record reveals that the prosecutor refiled the charges because he believed the *Vega* case permitted him to do so. Furthermore, the record does not show that the prosecutor engaged in prosecutorial vindictiveness or harrassment. The findings of fact and conclusions of law submitted by the trial judge indicate that he found the refiling of the case was "done in good faith."

■ Because the foundation of appellant's complaint is based upon the second indictment, and because we find both that the grand jury could consider the suppressed evidence, and that there was no prosecutorial misconduct, we overrule appellant's fifth point of error.

In his sixth point of error, appellant asserts that the trial court committed reversible error in overruling his motion to quash the indictment, which contained three defects.

Appellant first contends that the indictment was defective because it failed to comply with Tex.Code Crim.P.Ann. art. 21.-02, secs. (2) and (3) (Vernon 1966), which provide in pertinent part as follows:

> An indictment shall be deemed sufficient if it has the following requisites:
>
> .　　.　　.　　.　　.
>
> 2. It must appear that the same was presented in the district court of the county where the grand jury is in session.

3. It must appear to be the act of a grand jury of the proper county.

The appellant complained that the indictment was defective because it failed to state the particular term of court in which the grand jury was organized, and the particular district court in which the indictment was presented. Article 21.02, sections (2) and (3) do not require the indictment to state the particular term of the grand jury or the specific district court where the grand jury is organized. Article 21.02 does, however, require the indictment to be presented to the district court of the county where the grand jury is in session.

■ The indictment in the present case provided, in part, as follows:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, Felipe Aviles Alejandro hereafter styled the Defendant, heretofore on or about November 8, 1984, did then and there unlawfully, intentionally, and knowingly possess a controlled substance, namely, cocaine, weighing less than 28 grams by aggregate weight, including any adulterants and dilutants.

The indictment complied with article 21.02. When there is more than one district court in a county, the indictment need not specify the particular court in which it was presented. *Roberts v. State,* 489 S.W.2d 113 (Tex.Crim.App.1973); *Gersbach v. State,* 648 S.W.2d 423 (Tex.App.—Austin 1983, no writ).

■ Appellant secondly contends in his motion to quash that the indictment was defective in that the terms defining the particular offense with which he was charged lacked specificity. Appellant objected to the terms "unlawfully," "intentionally," "knowingly," and "possession." However, when terms and elements are statutorily defined, the definitions are essentially evidentiary and need not be further alleged in the indictment. *Ferguson v. State,* 622 S.W.2d 846 (Tex.Crim.App. 1980). Both "intentionally" and "knowingly" are defined in Tex.Penal Code Ann. sec. 6.03(a) and (b) (Vernon 1974). This Court

in *Vega v. State,* 662 S.W.2d 667, 672; affirmed, 707 S.W.2d 557 (Tex.Crim.App. 1986), considered substantially the same argument with regard to the terms "unlawfully" and "possession," and held that the indictment was not fatally defective because of its failure to allege the means by which the defendant "unlawfully" possessed the substance or because of its failure to allege the four methods by which the substance was alleged to have been in the defendant's possession.

■ The third defect which appellant alleged in his motion to quash concerned the fact that the exact weight of the cocaine was not included in the indictment; rather, it contained the terms "aggregate weight, including any adulterants and dilutants."

The exact weight of the controlled substance with and/or without adulterants and dilutants is not required by statute to be alleged, and the State is not required to allege component parts where the named drug, itself, is forbidden by law. *Stuart v. State,* 456 S.W.2d 129 (Tex.Crim.App.1970). The Controlled Substances Act, Tex.Rev. Civ.Stat.Ann. art. 4476–15, sec. 4.04 (Vernon Supp.1986), provides that possession of less than 28 grams, by aggregate weight, including any adulterants and dilutants, is a felony of the second degree, while over 28 grams is an "aggravated" offense punishable by confinement of up to 99 years or life. Therefore, the amount in appellant's possession is relevant only to the penalty range of his offense.

Appellant's sixth point of error is overruled.

Appellant's seventh point of error asserts that the evidence was insufficient to prove beyond a reasonable doubt that he "knowingly" possessed the cocaine, as alleged in the indictment.

In reviewing a sufficiency of evidence point, in either a direct or circumstantial evidence case, the reviewing court must view the evidence in the light most favorable to the verdict and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,*

443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1974).

■ To prove the unlawful possession of a controlled substance, the State must show: (1) that the accused exercised care, custody, control, and management over the contraband; and (2) that the accused knew the matter possessed was contraband. *Johnson v. State,* 658 S.W.2d 623, 627 (Tex. Crim.App.1983). Such proof may be made by showing additional independent facts and circumstances which affirmatively link the accused to the contraband. *Hughes v. State,* 612 S.W.2d 581, 582 (Tex.Crim.App. 1981).

■ The chemist testified that the three syringes found in appellant's sock contained cocaine in the approximate weight of "three-tenths of a milligram." She also testified that three-tenths of a milligram would probably be just a "few specks of powder." She stated you could "probably" see it without a microscope.

Appellant relies on *Coleman v. State,* 545 S.W.2d 831 (Tex.Crim.App.1977), which held that a defendant could not be convicted of knowingly possessing that which it required a microscope to identify. However, *Coleman* can be distinguished from the present case. In *Coleman,* the chemist could not quantitatively measure the controlled substance. In the instant case, the chemist established the aggregate weight with certainty. Furthermore, the three syringes found on appellant tend to prove that he "knowingly" possessed the cocaine. The arresting officer testified that the appellant admitted he had "shot up," and the blood on his wrist and fresh needle marks on his arm corroborated his admission. The officer also testified that a brown liquid residue was visible in the syringes at the time of the arrest. The State thereby met its burden of establishing an affirmative link between the accused and the contraband.

Under the circumstances in the instant case, the evidence is sufficient to show that appellant "knowingly" possessed the cocaine as alleged in the indictment; therefore, we overrule appellant's seventh point of error.

In his final point of error, appellant maintains that there is no evidence of probative value in the record to prove that he was previously convicted in Cause No. 118,246 as alleged in the enhancement paragraph. He contends that the pen packet offered as proof of the enhancement allegation was not properly authenticated, and was therefore inadmissible hearsay.

Appellant's contention has been addressed by the Court of Criminal Appeals in *Todd v. State,* 598 S.W.2d 286 (Tex.Crim. App.1980). The attestation of a district clerk of a county of this State upon a copy of a judgment or sentence received and filed by that district clerk, is alone sufficient to render such documents admissible into evidence for the truth of the matters stated therein. *Id.* at 292.

■ State's exhibit 3, the pen packet of appellant's conviction for murder with malice, contained the attestation of S.O. Woods, Jr., Record Clerk of the Texas Department of Corrections, that the pen packet was a true and correct copy of the papers on file with the Texas Department of Corrections. Judge Ralph A. Davis, Jr., presiding judge of the County Court of Walker County, certified that Woods was Record Clerk of Texas Department of Corrections. Clerk of the County Court, James D. Patton, in turn certified that Ralph A. Davis, Jr., was judge of the court. The pen packet included a copy of the judgment, the sentence, and an identifying photograph. The judgment contained a recital of jury waiver and that appellant pleaded guilty to the charge of murder with malice. The record shows that the State's proof of the enhancement allegation was appropriately authenticated. Tex.Rev. Civ.Stat.Ann. art. 3731a (Vernon Supp. 1986).

Appellant's eighth point of error is overruled.

The judgment of the trial court is affirmed.