**Rita LAVIGNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–89–048–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 9, 1989.

Mary E. Conn, Houston, for appellant.

Jose I. Gonzalez–Falla, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Appellant, Rita Lavigne, plead not guilty to charge of possession of less than 28 grams of cocaine, a second degree felony under the Controlled Substances Act. The jury found her guilty. Punishment, which was enhanced by two prior felony convictions, was set by the trial judge at twenty-five years. Appellant brings nine points of error. We are not persuaded by appellant's arguments and affirm the judgment of the trial court.

Appellant was arrested when the house she was in was the subject of a drug raid. Police officers with a warrant to search the house and James McBride, its owner, demanded entry and subsequently rammed the door down. Appellant came out of the bathroom screaming and yelling, wearing only panties. Upon being seated in the dining area appellant made an unsolicited remark to the effect that she had just shot up the only cocaine in the house. This declaration was supported by a fresh track on her arm, fresh drops of blood in the bathroom sink, and a syringe and baggie found in the bathroom. The contents of the syringe and the baggie were analyzed. The baggie contained 3.5 milligrams of cocaine, and the syringe contained .4 milligrams of cocaine.

■ In appellant's first three points of error, she attacks the validity of her twenty-five year sentence. She first alleges that the sentence is void because it was improperly enhanced. Appellant had two prior felony convictions which were submitted to the trial court for purposes of enhancement, a robbery in 1979 for which she was sentenced six years, and a forgery in 1986 for which she was sentenced 4 years. Both of these offenses were under the Penal Code. The instant offense was under the Public Health Code of the Texas Revised Civil Statutes, the Texas Controlled Substances Act. The maximum penalty under the Texas Controlled Substances Act for this felony offense without enhancement is twenty years. TEX.REV. CIV.STAT.ANN. art. 4476–15 §§ 4.01(b)(2), 4.02(b)(3)(D), 4.04(b) (Vernon Supp.1989).

Appellant contends that her sentence was improperly enhanced by the use of the recidivist statute under TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1989). That section provides that "[i]f it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses ... on conviction he shall be punished by confinement ... for life, or for any term of not more than 99 years or less than 25 years". The trial court found that the appellant fit the requirements of this statute, and sentenced her to the minimum allowed, twenty-five years.

We do not agree with the appellant's interpretation of the statutes in question. The Court of Criminal Appeals has held that convictions obtained under the Controlled Substances Act may be enhanced under the Penal Code. *Young v. State*, 552 S.W.2d 441, 443 (Tex.Crim.App.1977), *Gutierrez v. State*, 628 S.W.2d 57, 61 (Tex. Crim.App.1980, overruled on other grounds). Appellant's first point of error is overruled.

■ Likewise, the appellant's second point of error, that the improper sentence constituted a violation of her due process rights, is groundless. Since the sentence imposed was not improper, there was no denial of due process.

Although we have addressed the merits of appellant's first two points of error, it should be noted that appellant failed procedurally to preserve these points for appeal. The appellant waived her complaint regarding the sentence by failing to raise a contemporaneous objection to the punishment scheme during trial. *Cisneros v. State*, 692 S.W.2d 78, 82 (Tex.Crim.App.1985); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim.App.1986).

■ In appellant's third point of error, she complains that the twenty-five year sentence constitutes cruel and unusual punishment. Texas courts have consistently held that punishment which is assessed by a judge or jury within the statutory limit is not cruel or unusual. *Harris v. State,* 656 S.W.2d 481, 486 (Tex.Crim.App.1983) (En Banc); *Rodriguez v. State,* 614 S.W.2d 448, 450 (Tex.Crim.App.1981); *Thomas v. State,* 543 S.W.2d 645, 647 (Tex.Crim.App.1976); *Hypke v. State,* 720 S.W.2d 158, 160 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd); *Stewart v. State,* 732 S.W.2d 398, 400 (Tex.App.—Houston [14th Dist.] 1987, no pet.); *Simpson v. State,* 668 S.W.2d 915, 919–20 (Tex.App.—Houston [1st Dist.] 1984, no pet.) In *Simpson,* the defendant's life sentence for possession of 9.5 milligrams of cocaine pursuant to Texas recidivist statute was concluded to not be in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

The fourth point of error addresses the appellant's argument that the evidence was insufficient to support the conviction for possession of cocaine. The standard we must apply in addressing this point of error is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We must view the evidence in a light most favorable to the verdict and let the conviction stand unless there is a reasonable hypothesis other than the guilt of the appellant. *Martin v. State,* 753 S.W.2d 384, 386–87 (Tex.Crim.App. 1988) (En Banc).

■ The state must prove two elements in a case alleging unlawful possession of a controlled substance: 1) that the accused exercised care, control and management over the contraband; and 2) that the accused knew the matter was contraband. *Nunn v. State,* 640 S.W.2d 304, 305 (Tex. Crim.App.1982). Possession of minute amounts of cocaine is sufficient to sustain a conviction, if the amount possessed is capable of being quantitatively measured.

*Kent v. State,* 562 S.W.2d 855, 856 (Tex. Crim.App.1978).

■ In this case, the state's evidence was sufficient to prove possession of cocaine. The evidence consisted of: the appellant's appearance and demeanor at the time of the raid which indicated she was under the influence cocaine; the fact that she was seen exiting a bathroom with a fresh needle mark, still bleeding slightly, on her arm; the fact that a syringe containing .4 milligrams of cocaine and a baggie containing 3.5 milligrams of cocaine were found in that bathroom, along with spots of fresh blood on the sink; and that the appellant had stated to the officers prior to being questioned that she had just injected the cocaine. The sufficiency point of error is overruled.

Appellant asserts in her fifth point of error that she was denied effective assistance of counsel. The appellant must show that the performance of counsel fell below acceptable professional norms, and that had it not been for the unprofessional conduct of counsel, a different result would have occurred. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Crim.App.1986) (En Banc). Appellant's claim of ineffective assistance arises from defense counsel's failure to respond to the prosecutor's voir dire regarding punishment, when the appellant had elected to have punishment assessed by the court. Although the appellant's counsel did fail to object to the state's voir dire on punishment, this alone does not establish that the appellant was denied effective assistance of counsel.

■ An accused in a criminal proceeding has a constitutionally protected right to the effective assistance of counsel. *Brewer v. State,* 649 S.W.2d 628, 630 (Tex.Crim.App. 1983) (En Banc). However, it would be unreasonable to evaluate defense counsel's performance based on what she says she would have done in "... the better light of hindsight." *Williams v. Beto,* 354 F.2d 698 (5th Cir.1965); *Coble v. State,* 501 S.W.2d 344, 345 (Tex.Crim.App.1973). An attorney's representation must be judged

on the totality of her service to the client. *Witt v. State*, 475 S.W.2d 259, 261 (Tex. Crim.App.1971). We have carefully reviewed the record for evaluation of the defense counsel's performance, and find that it satisfies the test as it was stated by the Fifth Circuit:

> "We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance."

*MacKenna v. Ellis*, 280 F.2d 592 (5th Cir.1960), *modified*, 289 F.2d 928 (5th Cir. 1961), *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). Appellant's fifth point of error is overruled.

█ The appellant complains in her sixth and seventh points of error that the prosecutor's voir dire regarding punishment possibilities constituted fundamental error, and that the state's misrepresentation of law and fact in that regard denied her due process of law. Although the appellant has waived these two complaints because no contemporaneous objection was raised, *Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim.App.1983) (En Banc), we will address this issue on the merits.

The record reveals that the prosecutor did inquire into the area of punishment. However, we find that the inquiry was appropriate. The prosecutor informed the panel that they would not be assessing punishment, and that possible punishment ranged from probation, if applicable, to time served in the penitentiary, plus the possibility of a fine. His question to the panel, once he had given them this information, was whether they would have a problem in deciding guilt or innocence knowing that any of the aforementioned penalties could result.

The record does not reveal that the prosecutor lead the panel to believe that probation would result upon their conviction, to the contrary, the reference to probation was followed immediately by the caveat "... if that's applicable ...". In addition, the inquiry was relevant to the issue of whether a venire member would be able to convict knowing that he would not be allowed to assess punishment. A challenge for cause would be proper in that instance, hence inquiry on the subject was also proper. *See, e.g., Derrick v. State*, 773 S.W.2d 271, 273 (Tex.Crim.App.1989); *Bodde v. State*, 568 S.W.2d 344, 349 (Tex.Crim.App. 1978), *cert. denied*, 440 U.S. 968, 99 S.Ct. 1520, 59 L.Ed.2d 784 (1979), *reh'g denied*, 441 U.S. 957, 99 S.Ct. 2189, 60 L.Ed.2d 1062 (1979). Appellant's sixth and seventh points of error are overruled.

█ The eighth and ninth points of error contend that it was reversible error for the court to permit the state to define "reasonable doubt" during voir dire, and that as the state misdefined the term, it violated the appellant's due process rights and established fundamental error. We find that the prosecutor's questions regarding the burden of proof, beyond a reasonable doubt, was not error. It is proper for the prosecutor to challenge for cause a prospective juror who would hold the state to a stronger burden of proof than beyond a reasonable doubt. *See, Drew v. State*, 743 S.W.2d 207, 209 (Tex.Crim.App.1987) (En Banc). Thus, reason dictates that it is also proper for the prosecutor to discuss various interpretations of beyond a reasonable doubt with the venire panel in order to make intelligent use of peremptory strikes and challenges for cause. Appellant's eighth and ninth points of error are overruled and the trial court's decision is affirmed.

PAUL PRESSLER, J., not participating.