Roosevelt MANUEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–01060–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 21, 1989.

Rehearing Denied Jan. 18, 1990. Discretionary Review Refused April 4, 1990.

Michael B. Chalrton, Charles F. Baird, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Harris County, Cheryl Boyd, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and HUGHES and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of possession of cocaine. The trial court found two enhancement paragraphs true and assessed punishment of 30 years imprisonment.

On July 15, 1988, Officer Yzquierdo stopped a car driven by Cheryl Denise Jackson, because she was driving at night without rear or brake lights. Appellant was a front-seat passenger. Jackson had no identification or driver's license, so the officer removed her from the car. As Jackson got out, Officer Yzquierdo saw her drop a small pipe that, based on his experience, he believed to be used for smoking crack cocaine. Officer Yzquierdo arrested Jackson for possession of drug paraphernalia. Jackson asked Officer Yzquierdo if appellant could drive the car home. The officer asked appellant for a driver's license, but appellant had none. The officer then asked Jackson if she wanted the car towed, and Jackson stated she did. Officer Yzquierdo asked appellant to get out of the car so it could be towed. As appellant got out, Yzquierdo saw a pipe like Jackson's on appellant's seat. Officer Yzquierdo immediately arrested appellant for possessing drug paraphernalia.

Appellant was taken to the city jail and searched by Officer Wright. Wright discovered a cigarette pack in appellant's sock. The pack was a small plastic baggy containing a visible amount of a white, powdery substance. The substance was tested by a chemist with the Houston Police Department, Donald Davis, who found that it tested positive for cocaine. Davis determined that the total weight of the substance was approximately 2.2 milligrams.

Appellant contends the evidence was insufficient to show he knowingly possessed cocaine because the amount recovered was so small.

■ The test is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, viewing the evidence in a light most favorable to the verdict. *Alexander v. State*, 740 S.W.2d 749, 757 (Tex.Crim.App. 1987). The State must prove the accused 1) exercised care, custody, and control over the substance; and 2) knew it was contraband. *Herrera v. State*, 561 S.W.2d 175, 179 (Tex.Crim.App.1978). Thus, knowledge of possession is an essential element of the crime. As stated in *Reyes v. State*, 480 S.W.2d 373 (Tex.Crim.App.1972),

> In a trial for the illegal possession of a narcotic drug, the basic element which the state must prove is that the accused intended to violate the law by knowingly possessing such drug.

*Id.* at 374.

■ When the quantity is too small to be measured, there must be evidence other than mere possession to prove that the defendant knew the substance in his possession was a controlled substance. *Shults v. State*, 575 S.W.2d 29, 30 (Tex.Crim.App. 1979).

■ The State's chemist analyzed the substance and testified there was a visible amount, approximately the size of four to six pinheads, of white powder in the plastic bag which tested positive for cocaine, the total weight of the substance being approximately 2.2 milligrams.

We note that this is not a case where the amount of cocaine was too small to be seen or measured. This distinguishes several cases on which appellant relies. *See Shults*, 575 S.W.2d at 29; *Pelham v. State* 164 Tex.Crim. 226, 298 S.W.2d 171 (1957) (marijuana visible only under microscope);

*Greer v. State*, 163 Tex.Crim. 377, 292 S.W.2d 122 (1956) (trace amounts of heroin).

In *Coleman v. State*, 545 S.W.2d 831 (Tex.Crim.App.1977), the court held that cocaine weighing no more than 5/28,000 of an ounce was too small to support a conviction. The court noted that such a quantity could be weighed because it was possible to weigh as little as 1/280,000 ounce of cocaine. *Id.* at 835. The court held that a quantity so small that it could be identified only by microscope could not support a conviction. Thus, the *Coleman* court reversed, even though the amount of cocaine was, according to the opinion, 10 to 50 times the minimum weight that could be measured.

The amount of cocaine here, 2.2 milligrams, is less than half of the maximum amount estimated in *Coleman*, but more than twice the minimum amount. Here, we deal with .0000785 ounces (785 ten millionths of an ounce), while the amount in *Coleman* was between .0001785 ounces and .0000357 ounces.[1]

Cases before and after *Coleman* have found less than 2.2 milligrams of a controlled substance sufficient. In *Tomlin v. State*, 170 Tex.Crim. 108, 338 S.W.2d 735 (1960), the court upheld the conviction for possession of 1700 micrograms of heroin, which is 1.7 milligrams. In *Chavez v. State*, 768 S.W.2d 366, 367–68 (Tex.App.— Houston [14th Dist.] 1989, pet. ref'd), the court upheld a conviction for one-half of a milligram of cocaine, less than one-fourth of the amount here. In *Alejandro v. State*, 725 S.W.2d 510, 515 (Tex.App.— Houston [1st Dist.] 1987, no pet.), this Court upheld a conviction for possessing .3 milligrams of cocaine, less than one-seventh of the amount here. The quantity in *Alejandro* was approximately 1/100,000 of an ounce of cocaine, equal to "a few specs of powder" that "probably" was visible by microscope.

From these cases, we gather that *Coleman* does not set a strict weight standard

and that lower weights will be sufficient, if the lesser amount is visible. Because there is evidence of visibility here, we hold that this case is controlled by *Tomlin, Chavez,* and *Alejandro,* not by *Coleman.*

Point of error two is overruled.

The remainder of this opinion does not meet standards for publication and is ordered not to be published. The judgment is affirmed.

---

1. The figures stated are the estimated weights in *Coleman,* between one and five twenty-eight thousandths of an ounce, expressed as decimals.

The cocaine in *Coleman* was estimated, not weighed, because of difficulty removing it from the vial.