Rita LAVIGNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 1587–89.

Court of Criminal Appeals of Texas, En Banc.

Dec. 19, 1990.

Mary E. Conn, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., & Mary Lou Keel, Kimbra Ogg & Jose Gonzalez–Falla, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

The Fourteenth Court of Appeals, in *Lavigne v. State*, 782 S.W.2d 253 (Tex.App.–Houston [14th Dist.] 1989), rejected the

claim made on behalf of Rita Lavigne, henceforth appellant, that her 25 year penitentiary sentence was invalid. The basis for appellant's complaint was that she had been convicted of a second degree felony offense under the Public Health Code, the Texas Controlled Substances Act. The maximum possible punishment, unenhanced, was 20 years' confinement in the penitentiary. The trial judge, in assessing appellant's punishment at 25 years' confinement in the penitentiary, applied the range of punishment that is set out in V.T.C.A., Penal Code § 12.42(d). This was the minimum possible punishment that could have been assessed under § 12.42(d). The court of appeals held that the trial judge did not improperly assess appellant's punishment. We granted review in order to make the determination whether the court of appeals correctly decided the issue.

In *Childress v. State*, 784 S.W.2d 361 (Tex.Cr.App.1990), this Court recently held that upon conviction for the non-Penal Code felony offense of failure to stop and render aid, which is an offense prescribed in Art. 6701d, § 38(a), V.A.C.S., punishment may be enhanced pursuant to § 12.42(d) of the Penal Code with two felony Penal Code convictions.

Finding that the holding in *Childress* controls the issue in this cause, we hold that the court of appeals correctly decided the issue. The judgment of the court of appeals is affirmed.

CLINTON, Judge, concurring.

Appellant was convicted of possession of cocaine in an amount less than 28 grams, a felony of the second degree under former Article 4476–15, § 4.04(b), now V.T.C.A. Health and Safety Code, § 481.115(b). Her punishment was enhanced under V.T.C.A. Penal Code, § 12.42(d), and assessed by the trial court at the minimum allowed under that provision, 25 years in the Texas Department of Corrections. Appellant claimed on appeal that the trial court erred in using § 12.42(d) to enhance her punishment. The Fourteenth Court of Appeals rejected the claim in short order. I agree

the court of appeals correctly disposed of appellant's contention.

The gist of appellant's claim, as I understand it, is that resort to § 12.42(d) of the Penal Code was inappropriate because the Controlled Substances Act contains its own enhancement provision. See Article 4476–15, § 4.012, now V.T.C.A. Health and Safety Code, § 481.107. Subsection (c) of the former provision, now subsection (f), reads: "A person who is subject to prosecution under both this section and Section 12.42, Penal Code, may be prosecuted under either section." Because a conviction under § 4.04(b) is not subject to enhancement under subsections (a) and (b) of § 4.012, appellant reasons, neither can she be enhanced under § 12.42 of the Penal Code, by operation of subsection (c) of § 4.012. It is clear to me, however, that appellant misconceives the purpose of § 4.012(c).

In *Gutierrez v. State*, 628 S.W.2d 57 (Tex.Cr.App.1980), a panel of this Court essentially held that any conviction for an offense under the Controlled Substances Act could be enhanced under § 12.42 of the Penal Code, so long as the primary offense was "classified in accordance with" the Penal Code classification scheme. In our recent decision in *Childress v. State*, 784 S.W.2d 361 (Tex.Cr.App.1990), we effectively reconfirmed this holding, adding that even those offenses defined outside the Penal Code and *not* classified for purposes of punishment strictly in terms of the Penal Code classification scheme could be enhanced under § 12.42, supra. We presume the Legislature was cognizant of our holding in *Gutierrez* when it enacted § 4.012 of the Controlled Substances Act in 1981. See Acts 1981, 67th Leg., p. 697, ch. 268, § 2, eff. sept. 1, 1981. Aware that this Court had by that time held at least some offenses in the Controlled Substances Act to be subject to enhancement under Subchapter D, Chapter 12 of the Penal Code, the Legislature intended by subsection (c) to expressly allow a prosecutor to choose, where applicable, which of two enhancement options to proceed upon. I do not believe that in promulgating § 4.012, supra, the Legislature intended subsection (c) to foreclose enhancement under otherwise

applicable Penal Code provisions for any offense in the Controlled Substances Act not subject to enhancement under subsections (a) and (b). Thus, in my view the premise for appellant's argument fails, and our recent decision in *Childress v. State,* supra, and for that matter, our earlier decision in *Gutierrez v. State,* supra, controls.

For this reason I would affirm the judgment of the court of appeals in this cause, and thus I concur.