Curtis Anthony MAYES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00579–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 2, 1992.

Opinions on Motion for Rehearing
July 2, and Aug. 31, 1992.

Jules L. Laird, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Kimberly Aperauch Stelter, Scott Durfee, Asst. Dist. Attys., Houston, for appellee.

Before O'CONNOR, DUGGAN, and DUNN, JJ.

## OPINION

DUNN, Justice.

After finding appellant, Curtis Anthony Mayes, guilty of possession of a controlled substance and the enhancement allegations to be true, the jury assessed punishment at 55–years confinement.

While responding to a disturbance call, Houston Police Officer Richard Pederson saw appellant walk from behind a small business strip center. Appellant was carrying a beer can in his hand. Pederson testified that he watched appellant walk across the street to a vacant house, where he fell backwards onto a discarded couch on the front porch. Based on appellant's behavior, Pederson believed he was intoxicated. After questioning appellant, Pederson arrested him for public intoxication.

During a brief pat down · for weapons, Pederson discovered a long, glass crack pipe in appellant's front pants pocket. Pederson testified that appellant's condition was consistent with one who was coming "off" a cocaine high and that cocaine residue was visible from the outside of the pipe. Residue inside the glass pipe tested positive in a field test for cocaine.

The remaining residue was later chemically analyzed. The State's chemist testified that cocaine residue was visible and that he was able to collect .2 milligrams pure cocaine from the residue inside the pipe by using a solvent.

■ In his first point of error, appellant asserts the evidence was insufficient to show that he knowingly possessed the cocaine in question. Appellant contends that due to the trace amount of residue obtained, the testimony of the peace officer and the chemist is insufficient to show he knowingly possessed cocaine. We disagree.

■ In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the verdict and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1974); *Manuel v. State*, 782 S.W.2d 335, 336 (Tex.App.—Houston [1st Dist.] 1989, pet.ref'd). To prove the unlawful possession of a controlled substance, the State must prove: (1) the accused exercised care, custody, control, and management over the contraband; and (2) the accused knew the matter possessed was contraband. *Manuel*, 782 S.W.2d at 336.

This Court has recently held that if the controlled substance can be seen and measured, the amount is sufficient to establish that the appellant knew it was a controlled substance. *Thomas v. State*, 807 S.W.2d 786, 789 (Tex.App.—Houston [1st Dist.] 1991, pet. granted).[1]

---

1. *See also Lavigne v. State*, 782 S.W.2d 253, 256 (Tex.App.—Houston [14th Dist.] 1989) *aff'd*, 803 S.W.2d 302 (Tex.Crim.App.1990) (possession of a minute amount of cocaine is sufficient to sustain a conviction, if the amount possessed is capable of being measured).

Both Pederson and the chemist testified that residue was visible and that .2 milligrams of pure cocaine was recovered.

Therefore, appellant's first point of error is overruled.

■ In his second point of error, appellant argues the evidence was insufficient because the cocaine was not introduced into evidence and the court's charge authorized a conviction that was not supported by the evidence.

The relevant portion of the charge reads as follows:

> Before you would be warranted in convicting the defendant you must find beyond a reasonable doubt that the substance alleged to have been found by the State is cocaine and you must find beyond a reasonable doubt that the defendant voluntarily had the same in his possession and that he knew the substance was cocaine.

Based upon this charge, appellant makes two contentions. First, relying on *Arceneaux v. State*, 803 S.W.2d 267 (Tex.Crim. App.1990), he contends the State was required to introduce the cocaine itself into evidence. We disagree.

*Arceneaux* is distinguishable from the case at bar. The *Arceneaux* jury charge contained the following:

> Before you would be warranted in convicting the defendant you must find from the evidence beyond a reasonable doubt that *the exhibit introduced in evidence by the State* is cocaine.

*Arceneaux v. State*, 803 S.W.2d at 268 (emphasis added). The court reasoned that once a phrase is incorporated into the jury instruction in such a way that the jury must find it before a verdict of guilt is authorized, it must be proved or the verdict will be deemed contrary to the law and evidence. *Id.* at 270.

In the present charge, the language is critically different from the *Arceneaux* charge. Here, the State need only prove that "the substance alleged to have been found by the State is cocaine." The testimony of the officer and the chemist was sufficient to meet this burden.

■ Second, appellant contends the State *increased* its burden by requiring a showing beyond a reasonable doubt that he voluntarily had cocaine on his possession and that the evidence was insufficient to meet this burden. We disagree.

Possession must be voluntary. Section 6.01 of the Texas Penal Code provides:

> (a) A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession.
>
> (b) Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.

TEX.PENAL CODE ANN. § 6.01(a) and (b) (Vernon 1974).

The State did not increase its burden of proof. The charge simply required the State to show the substance was cocaine and, as required by the Penal Code, possession was voluntary.

Here, Pederson testified that due to its shape and its location in appellant's front pants pocket, it would have been impossible for appellant not to have felt the crack pipe when he sat down. Appellant was aware of his control and, thus, the State has met the requisite burden of proof.

Appellant's second point of error is overruled.

In his third point of error, appellant complains the trial court erred when it refused to include his requested jury charge. At the conclusion of the guilt or innocence phase, appellant objected to the trial court's jury charge and requested a charge for the possession of drug paraphernalia as a lesser included offense. Appellant argues possession of drug paraphernalia is a lesser included offense of possession of cocaine.

■ Before a charge on a lesser included offense can be given, two requirements must be met. *Lincecum v. State*, 736 S.W.2d 673, 678 (Tex.Crim.App.1987); *Johnson v. State*, 773 S.W.2d 721, 722 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd). First, the lesser included offense must be included within the proof *necessary* to establish the offense charged. *Lincecum*, 736 S.W.2d at 678. Second, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Id.*

Here, the second requirement is clearly not met. The cocaine was recovered from the pipe. Thus, there is no evidence in the record that the appellant is guilty of only the lesser offense. Thus, a lesser included

offense charge would not have been appropriate.

Appellant's third point of error is overruled.

The judgment is affirmed.

O'CONNOR, J., dissents.

O'CONNOR, Justice, dissenting.

I dissent. I do not believe the State proved that Curtis Anthony Mayes, the appellant, knowingly possessed 0.2 milligrams of cocaine.

In point of error one, the appellant argues the evidence was insufficient to show that he knowingly possessed the cocaine in question. I agree. The trace amount of residue obtained through a spectrograph test is insufficient to show the appellant knowingly possessed cocaine.[1]

To explain my dissent, I ask the reader tomorrow morning, before you put sugar into your coffee, to spill a minute amount of sugar on the table. Then, separate one grain of sugar from the rest. (If you are over 35 years of age, you will probably need your reading glasses.) With the tip of your finger pick up one grain of sugar and put it in the palm of your hand. It is hard to see, but hold it up to light. The appellant in this case was indicted for possessing that amount of cocaine, was convicted of possessing that amount of cocaine, and was sentenced to 55 years in the penitentiary for possessing that amount of cocaine.

Today's holding, that a person can be found guilty of possession of 0.2 milligrams of cocaine, which is about the size of one grain of sugar,[2] stretches the logic of our criminal laws to the breaking point. That a person who possessed the equivalent of one grain of sugar of cocaine, can be sent to the penitentiary for 55 years, goes a long way to explain why our jails are filled beyond capacity.

The appellant, who appeared intoxicated, was seen drinking a beer. Officer Pederson, who testified the appellant's condition was consistent with one who was coming "off" a cocaine high, was not an expert and could not distinguish between intoxication from beer and cocaine. If we reduce Pederson's testimony to its actual value, none, the State proved that the appellant was drunk, had a glass pipe in his pocket, and the glass pipe had a residue of cocaine.

We have no information about the glass pipe and how it came into the appellant's possession. A neighbor and friend of the appellant testified that he had seen discarded glass pipes and syringes in the neighborhood and had found some in his own front yard. He testified that he had never seen the appellant use drugs. (The appellant's prior convictions were not for drug offenses.)

To find the appellant guilty, we must infer that he took some action to possess the pipe knowing that it had cocaine residue in it. The possession of a dirty glass pipe, or as in *Jarrett*, a piece of a car antennae, should not be enough to find, beyond a reasonable doubt, that the defendant was guilty of possession of cocaine. Neither should it be enough to send a defendant to the penitentiary for 55 years, or as in *Jarrett*, for 44 years.

The following amounts of controlled substances have been held sufficient to convict for possession: 23.8 milligrams, *Huff v. State*, 630 S.W.2d 711, 713 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd); 9.5 milligrams, *Simpson v. State*, 668 S.W.2d 915, 918 (Tex.App.—Houston [1st Dist.] 1984, no pet.); 3.9 milligrams (0.4 in a syringe and 3.5 milligrams in a bag), *Lavigne v. State*, 782 S.W.2d 253 (Tex.App.—Houston [14th Dist.]), aff'd, 803 S.W.2d 302 (Tex.Crim.App.1990); 3.2 milligrams, *Kent v. State*, 562 S.W.2d 855, 856 (Tex.Crim.App.1978); 2.2 milligrams, *Manuel v. State*, 782 S.W.2d 335, 337 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd); 2 milligrams, *Jarrett v. State*, 818 S.W.2d 847 (Tex.App.—Houston [1st Dist.] 1991, no pet.); 1.7 milligrams, *Tomlin v. State*, 338 S.W.2d 735, 737 (Tex.Crim.App.1960); 0.8 milligrams, *Thomas v. State*, 807 S.W.2d 786 (Tex.App.—Houston [1st Dist.] 1991, pet. granted); 0.3 milligrams, *Alejandro v. State*, 725 S.W.2d 510, 515 (Tex.App.—Houston [1st Dist.] 1987, no pet.).

In *Coleman v. State*, 545 S.W.2d 831, 835 (Tex.Crim.App.1977), the Court of Criminal Appeals held that 5.06 milligrams

---

1. The trace amount of 0.2 milligrams was obtained by dissolving the pipe's residue in two-thirds normal sulfuric acid and then extracted into chloroform and then back into sulfuric acid. This liquid substance was then placed under the ultraviolet spectrometer. The liquid's ultraviolet radiation was similar to cocaine heat.

2. In *Jarrett v. State*, 818 S.W.2d 847, 850 (Tex.App.—Houston [1st Dist.] 1991, no pet.) (O'Connor, J., dissenting), the testimony showed that 2 milligrams of cocaine was the equivalent of 10 grains of sugar. If 2 milligrams equals 10 grains of sugar, 0.2 milligrams equals 1 grain of sugar.

was not sufficient to support a conviction.[3] Thus, of the above cases, any amount less than 5.06 milligrams is probably suspect. Here we have two-tenths of a milligram. If 5.06 milligrams was not enough to sustain a conviction, two-tenths of a milligram is also insufficient.

Today's holding, that 0.2 milligrams is sufficient to find a defendant guilty of possession of cocaine, reaches beyond any other holding on trace amounts of drugs. On this record, the State should have charged the appellant with possession of drug paraphernalia, not cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.125 (Vernon Pamph.1992).

I would reverse and remand for the entry of acquittal.

### OPINION ON MOTION FOR REHEARING

DUNN, Justice.

On motion for rehearing, appellant complains the trial court erred when it refused to include his requested jury charge. At the conclusion of the guilt or innocence phase, appellant objected to the trial court's jury charge and requested a charge for the possession of drug paraphernalia as a lesser included offense. Appellant argues possession of drug paraphernalia is a lesser included offense of possession of cocaine.

Before a charge on a lesser included offense can be given, two requirements must be met. *Lincecum v. State,* 736 S.W.2d 673, 678 (Tex.Crim.App.1987); *Johnson v. State,* 773 S.W.2d 721, 722 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd). First, the lesser included offense must be included within the proof necessary to establish the offense charged. *Lincecum,* 736 S.W.2d at 678. Second, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Id.; Royster v. State,* 622 S.W.2d 442, 447 (Tex.Crim.App.1981).

While proving appellant possessed cocaine, the State also proved appellant possessed drug paraphernalia. Therefore, the lesser included offense of possession of drug paraphernalia was included within the proof necessary to establish the offense charge of possession of cocaine. However, there was no evidence presented at trial which showed that appellant, if guilty, was only guilty of the lesser included offense of possession of drug paraphernalia. *Royster,* 622 S.W.2d at 447. We note there is no conflicting evidence concerning an element of the greater offense (possession of cocaine), which is not an element of the lesser included offense of possession of drug paraphernalia, so that the trial court needed to give a charge on possession of drug paraphernalia. *Id.* at 446.

Appellant's motion for rehearing is overruled.

The judgment is affirmed.

### OPINION ON STATE'S MOTION FOR REHEARING

DUNN, Justice.

On appellant's motion for rehearing, we held that appellant met the first prong of the *Royster*[1] test because the lesser included offense of possession of drug paraphernalia was included within the proof necessary to establish the offense charge of possession of cocaine, so that possession of drug paraphernalia was a lesser included offense of the offense of possession of cocaine. However, we found that appellant failed to meet the second prong of the *Royster* test because he did not show that if he was guilty, he was guilty of only the lesser included offense. After reconsideration, we hold that appellant did not meet the first prong of the *Royster* test.

At trial, appellant objected to the trial court's jury charge and requested a charge for the possession of drug paraphernalia as a lesser included offense. Appellant argued that possession of drug paraphernalia is a lesser included offense of possession of cocaine.

Before a charge on a lesser included offense can be given, two requirements must be met. *Lincecum v. State,* 736 S.W.2d 673, 678 (Tex.Crim.App.1987); *Johnson v. State,* 773 S.W.2d 721, 722 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd). First, the lesser included offense must be included within the proof necessary to establish the offense charged. *Lincecum,* 736 S.W.2d at 678. Second, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Id.; Royster,* 622 S.W.2d

---

3. In *Coleman,* the defendant was found with 5/28,000 of an ounce, which is the equivalent of 5.06 milligrams. The formula is 5/28,000 oz. = .000178571 oz.; .000178571 oz. / 1 × 1 mg. / .00003527 oz. = 5.06 mg.

1. *Royster v. State,* 622 S.W.2d 442 (Tex.Crim. App.1981).

**10**

at 447. "Merely because a lesser offense is included within the proof of a greater offense, however, does not always warrant a jury charge on the lesser offense." *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex. Crim.App.1985).

The offense of possession of drug paraphernalia is not within the proof necessary to establish the offense of possession of cocaine. TEX.CODE CRIM.P.ANN. art. 37.-09(1) (Vernon 1981); *see Sims v. State,* 833 S.W.2d 281 (Tex.App.—Houston [14th Dist.], n.w.h.). Therefore, appellant did not meet the first prong of the *Royster* test. *Royster,* 622 S.W.2d at 447. Also, appellant failed to meet the second prong of the *Royster* test because there was no evidence presented at trial which showed that appellant, if guilty, was only guilty of the lesser included offense of possession of drug paraphernalia. *Id.* We note there is no conflicting evidence concerning an element of the greater offense (possession of cocaine), which is not an element of the lesser included offense of possession of drug paraphernalia, so that the trial court needed to give a charge on possession of drug paraphernalia. *Id.* at 446.

The State's motion for rehearing is denied and the judgment is affirmed.