Russell Lee DANIELS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00864–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 22, 1993.

Leroy Chevalier, Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee, Chuck Stanfield, Houston, for appellee.

Before HEDGES, DUGGAN and O'CONNOR, JJ.

## OPINION

HEDGES, Justice.

This case presents the question whether testimony that a quantity of cocaine residue was *visible*, without evidence that it was actually *seen*, suffices to establish that the appellant knew the substance he possessed was contraband. A jury convicted appellant, Russell Lee Daniels, of possession of a controlled substance weighing less than 28 milligrams. After appellant's pleas of true to two enhancement paragraphs, the trial court sentenced appellant to 40–years confinement. We affirm.

On October 30, 1991, Houston Police Department Officers Gary Young and Rolando Saenz stopped appellant because he fit the description of a burglary suspect. During a patdown search for weapons, Officer Saenz discovered a metal crack pipe in appellant's left hip pocket. Officer Young testified that he field-tested the pipe and that the pipe tested positive for cocaine residue. He did not remember whether he actually saw cocaine residue on the pipe. Officer Saenz testified that he did not remember giving the pipe to Officer Young to field-test, and that he was not present when the field test was performed.

Edna Nix, a chemist with the Houston Police Department Crime Laboratory, testified that she analyzed the contents of the pipe. Using the ultraviolet spectrophotometer, gas chromatography, and mass microcrystalline tests and spot tests, she calculated that the pipe contained 19.3 milligrams of pure cocaine. She did not remember whether she actually saw residue on the pipe. She testified that 19.3 milligrams of cocaine would be visible to the naked eye.

In one point of error, appellant asserts that the evidence was insufficient to show intentional possession of a controlled substance "because of the finite amount of the drug detected in the pipe recovered from appellant." We interpret his argument to be that because the State presented no testimony that cocaine residue was actually seen on the pipe, it failed to prove that appellant knowingly and intentionally possessed cocaine.

In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the verdict and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Villalon v. State*, 791 S.W.2d 130, 132 (Tex.Crim.App.1990). To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised care, custody, control and management over the contraband; and (2) the accused knew the substance possessed was contraband. *Mayes v. State*, 831 S.W.2d 5, 6 (Tex.App.—Houston [1st Dist.] 1992, no pet.).

As authority for his argument, appellant relies solely on *Campbell v. State*, 822 S.W.2d 776 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). In *Campbell*, police found a matchbox in the defendant's

pocket. A police chemist tested the box and found that it contained 0.6 milligrams of cocaine. The court of appeals held that if an amount of a controlled substance seized from a defendant can be seen and measured, it is sufficient to establish that the defendant knew it was a controlled substance. *Id.* at 777. The State has the burden to present evidence that "affirmatively links the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he or she exercised control of it." *Id.* The court found that because neither the arresting officer nor the chemist testified that the residue in the matchbox was visible to the naked eye, the State failed to carry its burden. *Id.*

This Court has similarly held that if the controlled substance can be seen and measured, the amount is sufficient to establish that a defendant knew it was a controlled substance. *Mayes*, 831 S.W.2d at 6; *Jarrett v. State*, 818 S.W.2d 847, 848 (Tex. App.—Houston [1st Dist.] 1991, no pet.); *Thomas v. State*, 807 S.W.2d 786, 789 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd). Much smaller quantities than that which appellant possessed have sufficed to uphold a conviction, so long as there was evidence of visibility: 9.5 milligrams, *Simpson v. State*, 668 S.W.2d 915, 918 (Tex.App.—Houston [1st Dist.] 1984, no pet.); 3.9 milligrams, *Lavigne v. State*, 782 S.W.2d 253, 255 (Tex.App.—Houston [1st Dist.], *aff'd*, 803 S.W.2d 302 (Tex.Crim.App.1990); 3.2 milligrams, *Kent v. State*, 562 S.W.2d 855, 856 (Tex.Crim.App.1978); 2.2 milligrams, *Manuel v. State*, 782 S.W.2d 335, 337 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd); 1.7 milligrams, *Tomlin v. State*, 338 S.W.2d 735, 737 (Tex.Crim.App.1960); 0.8 milligrams, *Thomas v. State*, 807 S.W.2d at 788; 0.3 milligrams, *Alejandro v. State*, 725 S.W.2d 510, 515 (Tex.App.—Houston [1st Dist.] 1987, no pet.).

In the case before us, the police chemist testified that she calculated the weight of the pipe residue to be 19.3 milligrams. Additionally, although neither the officers nor the chemist testified that they saw residue on the pipe, the chemist testified that 19.3 milligrams of cocaine would be visible to the naked eye. Thus, the amount of cocaine in the pipe found in appellant's left hip pocket *could be seen* and measured. Testimony of actual sighting is unnecessary in this case because the evidence of visibility is enough to convict.

Other factors support our conclusion that appellant intentionally possessed cocaine. The residue was found in a crack pipe, which is drug paraphernalia, and appellant concealed the pipe in his pocket. Both the apparatus and the conduct bolster the finding of knowing possession. *See Jarrett*, 818 S.W.2d at 848 (appellant's possession of cocaine inside crack pipe and his attempt to hide pipe from police indicate guilty knowledge); *Chavez v. State*, 768 S.W.2d 366, 368 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd) (baggie containing 0.5 milligrams of cocaine was type of bag commonly used to carry cocaine, and tended to prove defendant knowingly possessed cocaine); *Alejandro*, 725 S.W.2d at 515 (three syringes found on defendant tended to prove defendant knowingly possessed the 0.3 milligrams of cocaine found in the syringes).

Viewing the evidence in the light most favorable to the verdict, we find that the evidence was sufficient to support appellant's conviction. We overrule point of error one.

We affirm the judgment of the trial court.