**Earnest KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. B14–92–00002–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 10, 1993.

Discretionary Review Granted
Oct. 20, 1993.

Denise M. Crawford, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION ON REMAND

ELLIS, Justice.

We reversed appellant's conviction on November 5, 1992. *King v. State*, 843 S.W.2d 155 (Tex.App.—Houston [14th Dist.] 1992). The Court of Criminal Appeals granted the State's petition for discretionary review. The court vacated our judgment and remanded the cause for us to address the State's contention that we failed to directly address all the evidence pointed out by the State and by failing to decide whether such evidence was sufficient to show the requisite knowledge of possession of cocaine by appellant. 848 S.W.2d 142 (Tex.Cr.App.1993).

Appellant, Earnest King, appeals his judgment of conviction for the offense of possession of a controlled substance, namely, cocaine, weighing less than 28 grams by aggregate weight, including any adulterants and dilutants. TEX.HEALTH & SAFETY CODE ANN. § 481.102(3)(D) and § 481.115(a), (b) (Vernon 1992). The jury rejected appellant's not guilty plea and the court after finding the two enhancement paragraphs of the indictment to be true, assessed punishment at thirty-five (35) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant brings two points of error in his appeal. The relevant facts are as follows: On July 29, 1992, Officer Thrailkill and his two partners, Officers McFadin and Maycak were dispatched to an apartment complex on Tuam Street to check out a narcotics complaint. This complaint was received from a citizen who called the City of Houston Police dispatcher. When he arrived, Thrailkill saw appellant staggering down a sidewalk. Thrailkill approached and could smell a strong odor of alcohol on appellant's person. Appellant was incoherent, had glazed eyes and slurred speech, and was walking rather disoriented. Fearing appellant's condition to be a danger to himself, Thrailkill placed appellant under arrest for public intoxication. Thrailkill searched appellant and found a crack pipe in appellant's right front pants pocket. Officer Thrailkill field tested the residue on the pipe and it tested positive for cocaine.

Officer Thrailkill testified that the crack pipe he received from appellant was a glass tube with a piece of a copper brillo pad inside. This pad is used as a filter. Thrailkill stated that when he received the crack pipe, it had damp residue inside. Scott Wagner, the Houston Police Department chemist, testified that he ran a series of four tests on the residue from the glass tube and copper brillo pad. These tests consisted of: (1) an ultraviolet spectrophotometer test; (2) a thin layer chromatography test; (3) a microcrystalline test; and (4) a gas chromatograph mass spectrometer test. The tests showed that traces of cocaine were present in the residue but that the amount was so minute its weight could not be measured. The chemist testified that in testing the residue in the pipe, he rinsed the pipe with the pad still inside. In the process of rinsing the pipe, the brillo pad was also rinsed. After running the tests the amount was too small to be measured.

Appellant asserts in his first point of error that the evidence is insufficient to show that appellant knowingly possessed cocaine. In reviewing the sufficiency of

the evidence, the evidence should be viewed in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). In so doing, this court must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989). In order to sustain a conviction for possession of a controlled substance, the State must prove that the accused: (1) exercised care, custody and control over the substance and (2) knew that the matter possessed was contraband. *Herrera v. State,* 561 S.W.2d 175, 179 (Tex.Crim.App. 1978).

■ Appellant's complaint with the sufficiency of the evidence centers around the amount of cocaine found on appellant's person. There is no minimum weight required to sustain a conviction for possession of narcotics. *Jackson v. State,* 807 S.W.2d 387, 389 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Even if the quantity is too minute to be measured or seen, other evidence can prove that the defendant knew the substance in his possession was a controlled substance. *Shults v. State,* 575 S.W.2d 29, 30 (Tex.Crim.App.1979); *Daniels v. State,* 574 S.W.2d 127, 128 (Tex. Crim.App.1978); *Scott v. State,* 825 S.W.2d 521, 523 (Tex.App.—Dallas 1992, pet. ref'd); *Manuel v. State,* 782 S.W.2d 335, 336 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd).

In the instant case, the cocaine was found inside a crack pipe. The cocaine was removed from the pipe by washing it with a solvent and the cocaine was then in solution. The chemist testified he could not determine the weight of this cocaine in the solution. He explained that sometimes the amount is too small or the sample contains adulterants that prevent measurement of a substance in solution. The chemist testified that the cocaine on this pipe was "visible to the naked eye." There was also enough cocaine present to conduct four chemical tests. All indicated the presence of cocaine.

Contrary to appellant's assertions, Officer Thrailkill's testimony also indicated that the cocaine was visible. Thrailkill said that the pipe as it appeared at trial did not look the same as when he recovered it. He stated that when he saw the pipe it had a lot of residue and saliva inside. The fact that the crack pipe was damp with saliva when recovered is further indication that appellant knowingly possessed the cocaine in the pipe. Officer Thrailkill also scratched off slivers of the residue from the pipe for a field test, indicating again that such residue was visible.

In the instant case, the cocaine was found in a *crack pipe.* The courts have always found this factor significant in showing knowing possession of cocaine. *See Sims v. State,* 833 S.W.2d 281 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (defendant possessed cocaine inside crack pipe which was found on his person); *Mayes v. State,* 831 S.W.2d 5 (Tex.App.— Houston [1st Dist.] 1992, no pet.) (cocaine inside crack pipe); *Jarrett v. State,* 818 S.W.2d 847, 848–49 (Tex.App.—Houston [1st Dist.] 1991, no pet.) (defendant possessed cocaine inside crack pipe which constitutes drug paraphernalia); *Alejandro v. State,* 725 S.W.2d 510, 515 (Tex.App.— Houston [1st Dist.] 1987, no pet.) (cocaine found in syringes). Furthermore, the crack pipe was found in appellant's *front pants pocket. See Mayes,* 831 S.W.2d at 7 (defendant possessed cocaine in pipe in front pants pocket); *Thomas v. State,* 807 S.W.2d 786, 789 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd) (defendant possessed cocaine on his person). We find that the fact that the cocaine was visible in a crack pipe and was still damp with saliva, is sufficient to prove that the defendant knew the substance in his possession was a controlled substance. *See Manuel v. State,* 782 S.W.2d at 336–7. Appellant's first point of error is overruled.

■ Appellant submits in his second point of error that appellant was denied a fair trial by the introduction of extraneous acts. Specifically, appellant complains of testimony that appellant had a parole violation at the time of his arrest. The issue of appellant's parole was first brought up by

defense counsel who referred Officer Thrailkill to a paragraph of the offense report and then asked whether appellant was "picked up for parole violation." Naturally, the indication was that the report indicated that appellant was picked up for a parole violation instead of Thrailkill's explanation that he was arrested for public intoxication.

Officer Thrailkill began to explain that he was initially picked up for public intoxication but was later found to be wanted for a parole warrant. Only when Officer Thrailkill started to mention the type of underlying offense on which appellant had violated his parole, did counsel object to any testimony on extraneous offenses. The court sustained this objection and defense counsel passed the witness without requesting an instruction to disregard.

On re-direct, the State asked the following questions:

Q: Officer you stated at the time you arrested him you didn't know he was wanted on parole violation?

A: No, sir, I did not.

Q: Who discovered he was wanted on a parole violation?

A: We found that out when we ran that criminal history at the station.

Q: Is that when Officer Jett entered that in the computer?

A: Any time somebody is on parole we put a hold. That sergeant puts a hold for a fugitive warrant. That's his supplement that was made.

All the State was trying to do was clear up the confusion created by defense counsel's insinuation that appellant was not arrested on the charge initially stated by Officer Thrailkill. Defense counsel did not object to any of this questioning. Finally, it should be noted that appellant testified in the instant case thus allowing the State to go into his prior criminal record.

■ To preserve error for appellate review, the complaining party must make a timely, specific objection. TEX.R.APP.P. 52(a); *Turner v. State*, 805 S.W.2d 423, 431 (Tex.Crim.App.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991); *Armstrong v. State*, 718 S.W.2d 686, 699 (Tex.Crim.App.1985). The objection must be made at the earliest possible opportunity. *Marini v. State*, 593 S.W.2d 709 (Tex. Crim.App.1980). The complaining party must obtain an adverse ruling from the trial court. *DeRusse v. State*, 579 S.W.2d 224 (Tex.Crim.App.1979). Finally, the point of error on appeal must correspond to the objection made at trial. *Thomas v. State*, 723 S.W.2d 696 (Tex.Crim.App.1986).

Defense counsel made no objection to the State's questioning. While counsel did object to Thrailkill's answer on cross-examination, the objection did not address whether or not appellant was arrested for a parole violation (the question asked by defense counsel himself), but rather to testimony about what the earlier offense was. Appellant's objection was sustained and appellant never received an adverse ruling from the trial court. Further, an accused cannot complain of testimony which he has also elicited. *Martinez v. State*, 504 S.W.2d 897, 899 (Tex.Crim.App.1974); *Dyche v. State*, 490 S.W.2d 568, 569 (Tex. Crim.App.1973). The subject of parole was first brought up by counsel on cross-examination. The State only explored the issue on re-direct in order to clear up any confusion created by defense counsel's questioning. "It is well established in our jurisprudence that 'an accused cannot invite error and then complain thereof.'" *Capistran v. State*, 759 S.W.2d 121, 124 (Tex.Crim. App.1982). Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

SEARS, Justice, dissenting.

The majority opinion errs in stating that "the cocaine was visible on a crack pipe." The "cocaine" was never visible to anyone. Only the *residue* was visible. Further, the majority finds that because the pipe was "still damp with saliva," the appellant *knew* the substance in his possession was a controlled substance. This statement could not be further from the truth. The presence of saliva and residue proves that appellant *did not* knowingly possess cocaine. He clearly had reason to believe he no

longer *possessed* the cocaine because he had *smoked* it. Therefore, it was USED. CONSUMED. GONE. It was burnt to a crisp and transformed from white coke to black ash.

If we are to find that this appellant knowingly possessed a controlled substance, we are punishing him for his *past* conduct. The saliva and the residue proves that the pipe was recently used; ergo, he must have possessed it prior to smoking it.

It is not logical, in the best interest of society, or judicially sound to punish for *past* behavior. I see no difference in this case than testing the bodily fluids of a suspect to determine if he *possesses* a controlled substance. If the fluids check positive, he *possesses* the contraband just as surely as dissolving the crack pipe residue and checking the resulting *fluid* for a controlled substance. However, we know this type of *possession* will not sustain a conviction. This court recently reversed the "possession" conviction of a woman who's stillborn baby had enough cocaine in its system to cause its death. *Jackson v. State*, 833 S.W.2d 220 (Tex.App.—Houston [14th Dist.] 1992, pet ref'd). Again, the state tried to prosecute for *past* conduct and we held it was not an offense.

This court previously held that there is no "bright line" amount of a controlled substance that would constitute "knowing" possession.[1] However, we now find an amount that is too small to measure *is* sufficient for a conviction. In the present case, the amount of cocaine was "so minute that it could not be measured." The *residue* was "visible," but we have no evidence that the *cocaine* in the black residue was visible, or, what percentage of the residue was cocaine and what percentage was carbon, adulterants, additives, tobacco, brillo pad or rust! Due to the overcrowding condition of our state prison system, murderers, rapists, armed robbers and other violent criminals will have to be released to make room for people who possess RESIDUE. It boggles the mind. We are sending this appellant to prison for 35 years; is this perhaps the reason our prisons are overcrowded? I believe the more logical and just approach is to charge and convict persons found possessing crack pipes for possession of drug *paraphernalia*, not drugs. *Mayes v. State*, 831 S.W.2d 5 (Tex. App.—Houston [1st Dist.] 1992, no pet.). (O'Connor, J., dissenting).

Regardless of the fancy footwork, words of art and strained reasoning used to convict this appellant, he is still being punished for having *previously* possessed cocaine. Otherwise, he is being punished for *unknowingly* possessing cocaine in the form of *barely visible, unusable, unmeasurable, residue*. This is unreasonable and unjust. I do not believe that existing caselaw requires the results reached by the majority. I would reverse the judgment of the trial court and order an acquittal.

---

1. *Campbell v. State*, 822 S.W.2d 776 (Tex.App.—     Houston [14th Dist.] 1992, pet. ref'd).