IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 





NO. 3-93-463-CR


AND


NO. 3-93-464-CR




CHRISTOPHER LANE FRANCIS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NOS. 90-481-K277 & 90-484-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING

 





PER CURIAM



 In number 3-93-463-CR, a jury found appellant guilty of aggravated sexual assault
and assessed punishment at imprisonment for sixty years and a $10,000 fine. Tex. Penal Code
Ann. § 22.021 (West 1989). In number 3-93-464-CR, the same jury found appellant guilty of
possessing less than twenty-eight grams of cocaine and assessed punishment at imprisonment for
twenty years and a $10,000 fine. Texas Controlled Substances Act, Tex. Health & Safety Code
Ann. § 481.115 (West 1992). 

 Beginning on the night of March 17, 1990, and continuing into the early hours of
March 18, appellant and the complainant were drinking in the complainant's house. The
complainant testified that appellant began to talk to her "about smoking cocaine and about having
sex." The complainant, who admitted having drug problems in the past, refused both proposals. 
Appellant, however, "kept insisting that I smoke the rock cocaine, you know, that I would want
to have sex with him. If I didn't, he was threatening me and my [two] kids." Under the
circumstances, the complainant agreed to share the crack cocaine with appellant. They smoked
it through a glass pipe belonging to appellant.

 Appellant again suggested that he and the complainant have sexual intercourse. 
When she persisted in her refusal, appellant became violently angry. He began to beat the
complainant with his fists and slam her head against the floor. He then penetrated her both
vaginally and orally. The physician who treated the complainant after the assault testified that she
had "massive swelling and bruising to her face and to her head. She had wounds that would be
compatible with human bites, one to each arm. She had a two centimeter tear present on her left
labia." The complainant sustained a "blowout fracture" to the bone surrounding one eye. The
complainant was seven months pregnant at the time of this incident. After observing fetal distress,
doctors performed a Caesarean section but the infant was stillborn.

 Investigating officers found a broken glass pipe and two vials in the complainant's
house. A trace amount of what proved to be cocaine was visible in the vials. Cocaine residue
was also found on the pipe, which the officers testified was of a type commonly used to smoke
crack cocaine. In a recorded statement, appellant admitted beating and sexually assaulting the
complainant while high on cocaine. According to appellant's statement, he and the complainant
smoked five rocks of crack cocaine on the night in question.


1. Evidence and Punishment

 Appellant contends the evidence is legally and factually insufficient to sustain his
conviction for possession of cocaine. In determining the legal sufficiency of evidence to support
a criminal conviction, the question is whether, after viewing the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State,
614 S.W.2d 155 (Tex. Crim. App. 1981). When conducting a factual sufficiency review, the
evidence is not viewed in the light most favorable to the verdict. Instead, all the evidence is
considered equally, including the testimony of defense witnesses and the existence of alternative
hypotheses. Orona v. State, 836 S.W.2d 319 (Tex. App.--Austin 1992, no pet.). A verdict will
be set aside for factual insufficiency only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd as untimely filed). 

 To establish the unlawful possession of a controlled substance, the State must prove
that the accused knowingly exercised care, custody, or control over the substance. Cude v. State,
716 S.W.2d 46, 47 (Tex. Crim. App. 1986). Possession need not be exclusive, but can be jointly
exercised with other persons. Id. When possession is not exclusive, there must be additional
facts affirmatively linking the accused to the contraband. Id. When, as in this cause, the quantity
of substance is too small to be measured, there must be evidence other than its mere possession
to prove that the accused knew the nature of the substance. Shults v. State, 575 S.W.2d 29, 30
(Tex. Crim. App. 1979).

 Appellant did not testify or offer any evidence in his defense. Nevertheless, he
argues that the minute amount of cocaine found in the pipe and vials compels the conclusion that
he believed that he had already consumed the cocaine, and therefore no longer knew he possessed
the contraband within the legal meaning of possession. Citing a dissenting opinion from another
court of appeals, appellant contends the State proved only the knowing prior use of cocaine, not
its possession, and that the only offense proved was possession of drug paraphernalia. King v.
State, 857 S.W.2d 718, 721-22 (Tex. App.--Houston [14th Dist.] 1993, pet. granted) (Sears, J.,
dissenting). 

 Appellant's argument is based on the premise that the State was required to prove
he knowingly possessed the cocaine at the moment the pipe and vials were seized. In fact, the
State was required to prove only that appellant possessed cocaine "on or about the 18th day of
March, A.D. 1990," as alleged in the indictment. In his statement to the police, appellant
confessed to smoking five rocks of crack cocaine on that date. This confession both linked
appellant to the crack cocaine he admitted smoking and demonstrated his knowledge that it was
contraband. Appellant's confession was corroborated by the testimony of the complainant and by
the discovery of traces of cocaine in the pipe and vials. Even if we assume that appellant did not
know that traces of cocaine remained in the vials and on the pipe after the rocks of crack cocaine
were smoked, a rational trier of fact could conclude from the evidence that appellant knowingly
exercised care, custody, and control over less than twenty-eight grams of cocaine on the date
alleged. (1) Moreover, this conclusion is not so contrary to the great weight and preponderance of
the evidence as to be clearly wrong and unjust.

 The evidence in this cause is much stronger than that deemed sufficient by a
majority of the court in King. In that case, a crack pipe was found in the defendant's pocket
following his arrest for public intoxication. The defendant's intoxication was apparently due to
alcohol consumption. Cocaine residue was found in the pipe. Over Justice Sears's dissent, the
court held that "the fact that the cocaine was visible in a crack pipe and [the pipe] was still damp
with saliva, is sufficient to prove that the defendant knew the substance in his possession was a
controlled substance." 857 S.W.2d at 720. In the cause before us, the State did not rely solely
on the presence of cocaine traces in the pipe and vials. Instead, the jury also heard the testimony
of the complainant and appellant's recorded statement admitting smoking crack cocaine on the day
alleged. Points of error one and two in number 3-93-464-CR are overruled.

 Appellant next urges that imprisonment for twenty years is cruel or unusual
punishment for possessing only a trace of cocaine. Tex. Const. art. I, § 13. Appellant argues that
the Texas Constitution's prohibition of punishment that is either cruel or unusual is broader than
the Eighth Amendment's ban on punishment that is both cruel and unusual, and that the latter
provision has been held to contain a guarantee against disproportionate sentences. U.S. Const.
Amend. VIII; Solem v. Helm, 463 U.S. 277 (1983). Appellant urges us to apply under the Texas
Constitution the three-part test for disproportionality suggested in Solem v. Helm, by which we
would be guided by (1) the gravity of the offense and the harshness of the penalty, (2) the
sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for
commission of the same crime in other jurisdictions. Id. at 292. 

 The power to define criminal offenses and prescribe their punishments resides in
the legislature. State ex rel. Smith v. Blackwell, 500 S.W.2d 97, 104 (Tex. Crim. App. 1973). 
The Court of Criminal Appeals has stated that article I, section 13 is not violated when the
punishment assessed is within the limits prescribed by statute, as it is in this cause. Samuel v.
State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972). Assuming, however, that proportionality
review is required by the Texas Constitution, appellant has failed to demonstrate that the
punishment in this cause is disproportionate to the offense. Appellant asks us to take judicial
notice that a twenty-year sentence for possession of a trace amount of cocaine "is virtually unheard
of in Texas," but the evidence shows that appellant possessed five rocks of crack cocaine, which
is much more than a trace. Further, the record contains no evidence regarding the sentences
imposed on other criminals in Williamson County, or the sentences imposed in other Texas
counties for the possession of similar amounts of cocaine. Considering the record before us,
including the evidence of appellant's two previous felony convictions and two previous
misdemeanor convictions, we are not persuaded that the punishment in this cause is either cruel
or unusual. Point of error three in number 3-93-464-CR is overruled.


2. Competence

 Appellant's final point of error in number 3-93-464-CR and his only point of error
in number 3-93-463-CR is that the district court erred by failing to appoint an expert to determine
his competence to stand trial. A person is incompetent to stand trial if he does not have (1)
sufficient present ability to consult with his lawyer with a reasonable degree of rational
understanding or (2) a rational and factual understanding of the proceedings against him. Tex.
Code Crim. Proc. Ann. art. 46.02, § 1 (West 1979). The question of competence may be raised
and determined either before or during trial. Id. § 2(a), (b) (West 1979). Appellant relies on
section 2(b), which provides that if evidence of the defendant's incompetence is brought to the
attention of the court during trial, the court must conduct a hearing out of the jury's presence 

to determine whether there is evidence to support a finding of incompetence to stand trial. (2)

 Appellant contends the following incidents raised an issue as to his competence. 
When the indictment was read and appellant was asked to enter his plea, he responded, "By my
acceptance of the blood of Jesus Christ, not guilty." Later, appellant interrupted defense counsel's
cross-examination of the complainant and said, "Your Honor, I've asked that this court-appointed
attorney don't question the witness, please. Don't cross-examine the witness. I have asked this
court-appointed attorney not to cross-examine due to the preponderance of evidence." As the
complainant left the witness stand, appellant told her, "I'm sorry about the baby." Finally, during
defense counsel's cross-examination of another witness, appellant interjected, "Can I object, your
Honor? I don't see what he's getting at." 

 Although appellant does not cite it as evidence of incompetence, one other episode
deserves mention. During jury selection, appellant began to sing and loudly pray. Following this
incident, the court stated out of the hearing of the panel, "[Appellant] made a display to the Court
by saying, `Your Honor, it looks like you have bit off more than you can chew,' which gave the
Court the idea this Defendant may be staging this himself. That's the Court's opinion that's what
he's doing." (3) 

 Unruly or disruptive courtroom behavior is not in itself evidence of incompetence. 
Burks v. State, 792 S.W.2d 835, 840 (Tex. App.--Houston [1st Dist.] 1990, pet. ref'd). There is
not a scintilla of evidence in the record that appellant either was incapable of consulting with
counsel or lacked an understanding of the proceedings. To the contrary, appellant displayed a full
understanding of the proceedings and of the nature of his conduct during several conversations
with the district court. Defense counsel did not request a section 2(b) hearing. The district court
did not err by failing to conduct on its own motion a hearing pursuant to article 46.02, section
2(b). It follows that the court also did not err by failing to appoint an expert after trial began to
determine appellant's competence. The points of error are overruled.

 The judgments of conviction are affirmed.



Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed on Both Causes

Filed: May 18, 1994

Publish
1. This cause was tried before the Court of Criminal Appeals announced its decision
abandoning the use of the "alternative reasonable hypothesis" analysis in circumstantial evidence
cases. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). In light of appellant's
admission to the police, we do not believe that there is an innocent hypothesis reasonably
supported by the evidence.
2. The State contends that no error is presented because appellant received the relief which he
claims he was denied. At a hearing conducted three months before trial, a psychiatrist was
appointed at defense counsel's request to determine whether appellant was competent to stand
trial. Apparently, the only evidence of incompetence cited by counsel was appellant's refusal to
talk to him. Although the resulting report does not appear in the record, nothing in the record
contradicts the recital in the State's brief that the psychiatrist concluded that appellant was
competent to stand trial. We do not dispose of appellant's point of error on this basis, however,
because we understand appellant's complaint to be directed to the district court's failure to make
an in-trial determination of competence. 
3. Defense counsel questioned the potential jurors to determine if appellant's outburst would
interfere with their ability to serve impartially as jurors. The three panelists who responded
affirmatively to counsel's inquiry were excused for cause.