IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00416-CR

 

Prisscilla Lorraine Mechell,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2009-1675-C2

 



STATEMENT OF RECUSAL



 








            I hereby recuse myself from
further participation in this case.

 

 

                                                                                    _____________________________

                                                                                    FELIPE REYNA

                                                                                    Justice

 

 

                                                                                    Date:
________________________

 






-size: 12pt">          He raises a single issue on appeal: whether his conviction is supported by sufficient
evidence. We affirm.
           In addressing a sufficiency of the evidence claim, we construe the facts adduced at trial
in the light most favorable to the verdict. See Geesa v. State, 820 S.W.2d 154, 156-157 (Tex.
Crim. App. 1991) (quoting Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789 (1979)). 
Once examined, a conviction will be reversed only if a rational trier of fact could not have found
all the essential elements of the crime beyond a reasonable doubt. Id. at 156-157.
          The elements of the unlawful possession of a controlled substance with the intention to
distribute are: (1) the accused exercised care, custody, control and management over the
contraband; (2) the accused knew the substance possessed was contraband; and (3) the accused
intended to transfer the contraband. Daniels v. State, 853 S.W.2d 749, 750 (Tex. App.—Houston
[1st Dist.] 1993, no pet.); Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). Butler
asserts the evidence is insufficient to establish his care, custody, control, and management over
the contraband in question.
          Butler argues that, when the accused is not in exclusive possession of the premises where
the contraband was found, the prosecution must present additional independent facts and
circumstances which affirmatively link the accused to the contraband. See Herndon v. State, 787
S.W.2d 408, 409-410 (Tex. Crim. App. 1990) (on rehearing). He contends these "affirmative
links" are a necessary predicate to a conviction which the prosecution must establish to create a
presumption of the defendant's guilt. Id. at 409. Several factors, asserts Butler, are to be used
in determining whether affirmative links have been adequately established:
(1) the defendant's presence when the search warrant was executed; (2) whether the
contraband was in plain view; (3) the defendant's proximity to and the accessibility
of the narcotics; (4) whether the defendant was under the influence of narcotics
when arrested; (5) whether the defendant possessed other contraband when
arrested; (6) whether the defendant made incriminating statements when arrested;
(7) whether the defendant attempted to flee; (8) whether the defendant made furtive
gestures; (9) whether there was an odor of contraband; (10) whether other
contraband or drug paraphernalia was present; (11); whether the defendant owned
or had the right to possess the place where the drugs were found; and (12) whether
the place the drugs were found was enclosed.

See Villareal v. State, 865 S.W.2d 501, 503-504 (Tex. App.—Corpus Christi 1993, pet. ref'd);
see also Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref'd) (similar
factors in relation to contraband found in an automobile).
          Since Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991), several courts of appeals
have reached divergent conclusions on the continued use and efficacy, if any, of the affirmative
links analysis. This court recently clarified its position on affirmative links in Collins v. State,
No. 10-94-119-CR (Tex. App.—Waco, December 14, 1994, n.w.h.), where we held that "the
affirmative links analysis is a convenient and logically sound method of applying the Jackson
standard to determine whether, after viewing the evidence in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of the possession of illicit
drugs beyond a reasonable doubt." Id. at 5. Accordingly, we will now undertake an analysis of
the evidence adduced at trial, using the affirmative link factors as a guide, to determine whether
a rational trier of fact could have found beyond a reasonable doubt that Butler exercised care,
custody, control, and management over the cocaine found at Freeman's house.
          A recitation of the facts is necessary for an analysis of Butler's sufficiency of the evidence
argument: On September 9, 1992, Bryan Police Officer Dennis Thane, who was assigned to a
street level narcotics enforcement squad known as the Street Crime Apprehension Team (SCAT),
received a telephone call detailing an anonymous informant's tip that a person named "Rodney"
had picked up some crack cocaine in Houston that day; that he had taken 38 "cookies" of crack
cocaine to his residence at 1007 East 25th Street in Bryan; that he drove a 1985 burgundy
Cadillac; that the Cadillac and a white Toyota were parked at 1007 East 25th; that he had recently
left 1007 East 25th in a green and white Chevrolet S-10 pick-up truck with five of the 38 cookies
to deliver them at another location; and that the remainder of the cookies were in a shoe box under
a bed at 1007 East 25th.
          The information provided by the informant was later corroborated. Thane witnessed a
1986 burgundy Cadillac parked at 1007 East 25th. That same afternoon, Officer Sharean Gideon,
also of Bryan's SCAT squad, observed a white Toyota arrive at 1007 East 25th and leave
approximately an hour later. Gideon watched the Toyota stop at the residence of a known drug
trafficker and pick up a passenger. She then witnessed the Toyota make stops in three different
areas known for a high volume of drug trafficking. After the third stop, Commander Steve Hanel
of the Brazos Valley Narcotics Task Force substituted for Gideon as the officer on surveillance
of the Toyota. He observed the driver of the Toyota, Lejuanda Freeman, place something in a
pedestrian's cupped hand. Hanel then ordered a stop of the Toyota.
          Freeman gave consent to the officers for a search of the Toyota. No drugs were found in
the car, but a cookie of crack cocaine and $764 in cash were found in the purse carried by the
passenger, Sandra Stewart. Both women were arrested. A subsequent search of Freeman's purse
revealed $188 in cash, a First City Bank safe deposit box key, and a birth certificate for Butler.
          Also, that same afternoon, surveillance was conducted at 1007 East 25th. A narcotics
detecting dog indicated the scent of narcotics on the Cadillac parked there, although no drugs were
found during a subsequent search of the car. A search warrant was issued for the house. A
briefcase was found in the master bedroom containing $1800 in cash, a 9 millimeter Beretta
handgun, a Beretta handbook, hollow-tip ammunition, various land deeds and contracts with
Butler's name on them, a cashier's check for $2000, a receipt from the sale of the Beretta, a
receipt from Intercontinental for a BMW car part, a receipt from a used car dealership, and a
matching key to the First City Bank safe deposit box mentioned above. Elsewhere in the house
were found pharmaceutical beakers, one with a crack-cocaine cookie in it, shotguns, a pager,
digital scales, various photographs of Butler and Freeman together, including one with them sitting
together in a limousine, men's clothing and shoes, and a chantilly powder box with three crack-cocaine cookies in it.
          A record check with First City Bank of Bryan revealed that Freeman and Butler signed a
cash contract for a safe deposit box on July 31, 1992. A record's check with the Department of
Public Safety indicated that Butler had been issued a driver's license with the address of 1007 East
25th on September 1, 1992.
          James A. Hughes, the owner of the property at 1007 East 25th, testified that Butler lived
there and that, three days after the search warrant had been executed, he found no men's clothing. 
Lynette Bounds, manager of the Tahoe Apartments, where Freeman lived before moving to 1007
East 25th, testified Freeman was a government-subsidized resident and was paying anywhere from
nothing to $137 per month in rent from January 1990 to September 1992. She also testified that
Freeman's estimated gross income for 1992 was $5,525.
          Butler testified he started dating Freeman around July 4, 1992. He stated that he
sometimes paid her rent, lent her money to buy clothes and furniture, and that he bought her a
pager. He testified that he made approximately $20,000 per year between 1990-1992 as a rodeo
hand, although he never filed any income tax forms during those years. He also stated he
permitted the seller of a 1989 Ford Mustang to hold $7500 cash while he took the car for a test
drive, and he finally purchased it for approximately $5500.
          Bruce Jones, legal custodian of records for Enterprise Rent-A-Car, testified that he rented
a Toyota Corolla to Freeman in August 1992 and that a "Rodney" was listed as an authorized
driver.
          Butler admitted to owning the briefcase found in Freeman's home, but testified that the
Beretta belonged to a friend and he had simply put it in the briefcase so Freeman's children would
not have access to it. The $1800 cash was part of a personal injury settlement check that he had
received approximately one week earlier. Butler testified that neither he nor Freeman were
involved in any way in the commerce of illegal drugs.
          We conclude that there were sufficient facts adduced at trial which would allow a rational
trier of fact to find Butler exercised care, custody, control and management over the cocaine; that
he knew the substance he possessed was cocaine; and that he intended to transfer the cocaine. 
Accordingly, his point of error is overruled, and the judgment is affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed December 28, 1994
Do not publish